IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| OHIO NORTHERN UNIVERSITY | ) | CASE NO. |
| c/o REGISTERED AGENTS, INC. | ) | |
| Registered Agent | ) | |
| 6545 Market Ave., N., Suite 100 | ) | JUDGE |
| Canton, OH 44721 | ) | |
| | ) | **COMPLAINT** |
| and | ) | |
| | ) | **JURY DEMAND ENDORSED HEREON** |
| MELISSA BAUMANN | ) | |
| 920 West Lincoln Ave. | ) | |
| Ada, OH 45810 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES H. ROSE | ) | |
| 835 South Main St. | ) | |
| Findlay, OH 45840 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT GERBER, | ) | |
| 4302 Chesapeake Ave. | ) | |
| Hampton, VA 23669, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiffs, Ohio Northern University ("ONU"), Dr. Melissa Baumann ("Baumann"), and Dean Charles H. Rose, III ("Rose") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit the following Complaint against Defendant, Scott Gerber ("Defendant").

## INTRODUCTION

1. Defendant set in motion that certain litigation captioned *Scott Gerber v. Ohio Northern University, et. al.*, Hardin County (Ohio) Common Pleas Court Case No. 2023 1107

1

CVH (the "Litigation") in proper form and with probable cause, against dozens of party defendants that include Plaintiffs (i.e., Plaintiffs are defendants in the Litigation, in which Defendant is the plaintiff).

2. The Litigation was perverted to attempt to accomplish one or more ulterior purpose(s) for which the Litigation was not designed.

3. Defendant's ulterior purposes include exercising personal vendettas against Plaintiffs and/or unleashing political retribution upon Plaintiffs.

4. Plaintiffs have suffered, and will continue to suffer, direct damage as a result of Defendant's wrongful use of process, in the form of attorney's fees and litigation costs.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), in that this is a civil action between citizens of Ohio and a citizen of Virginia, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

7. Plaintiff, ONU is an Ohio non-profit corporation and private university located in Ada, Ohio.

8. Plaintiff, Baumann is President of ONU and is an Ohio resident.

9. Plaintiff, Rose, is Dean of the College of Law at ONU and is an Ohio resident.

10. Defendant is a former professor and employee of ONU and is a Virginia resident.

## FACTUAL ALLEGATIONS

11. Months after the Litigation was commenced, Defendant threatened "political blowback" against Plaintiffs if the Litigation were to proceed to trial.

12. Months after the Litigation was commenced, Defendant threatened public release of several emails (including emails that denigrate Plaintiff Baumann in vile, personal, and sexist terms) if the Litigation were to proceed to trial.

13. Throughout the course of the Litigation, Defendant repeatedly targeted Plaintiff Rose with personal attacks wholly unrelated to proving or disproving any claim or defense at issue in the Litigation.

14. Months after the Litigation was commenced, Defendant again threatened political retribution against Plaintiffs by the Department of Justice and the Department of Education, if the Litigation were to proceed to trial.

15. Months after the Litigation was commenced, Defendant's co-counsel of record in this Litigation, America First Legal ("AFL") published an article titled: "Court Rejects Ohio Northern University's Attempt to Dismiss AFL Lawsuit For Firing Tenured Professor Over DEI Objections, Case Proceeding to Trial."

16. AFL senior leadership includes one or more persons who have already been appointed to high-level positions in the incoming presidential administration.

17. AFL is not charging Defendant for AFL's legal services provided in the Litigation, and AFL is paying the legal fees for Defendant's local Ohio counsel of record.

18. The aforementioned AFL article states that "ONU has tried to have the case tossed out of court. The Court rejected ONU's arguments." This is an objectively false representation, as the Court in the Litigation granted a motion for summary judgment in favor of Plaintiffs on

Defendant's claims for wrongful termination and intentional infliction of emotional distress – while denying Defendant's motion for summary judgment in its entirety.

19.     Accompanying the AFL article is a statement from Defendant's co-counsel of record, as follows: "This order from the Court certainly vindicates what Dr. Gerber has been saying for over a year. He was wrongly terminated, defamed, and targeted because of his objections to ONU's illegal DEI hiring practices. We look forward to proving this to a jury next year."

20.     Contrary to the provocative and erroneous statement of Defendant's co-counsel of record in the Litigation, the Court's summary judgment decision in the Litigation renders no determination that Defendant was "wrongly terminated, defamed and/or targeted" due to any objection to "illegal DEI hiring practices."

21.     Prior to initiating the Litigation, Defendant manufactured and submitted for publication in the national media an opinion-editorial espousing the false narrative that Plaintiff Ohio Northern University was trying to "banish" him under the auspices of "DEI" (Diversity, Equity, and Inclusion), and Defendant likened himself to the fictitious character Josef K. from Franz Kafka's The Trial.

22.     Defendant's choice to prominently feature DEI as part of his manufactured narrative was predicated on Defendant workshopping his draft opinion-editorial with certain of his confidantes and a newspaper editor, who suggested to Defendant that his manufactured narrative could gain more traction if he were to accentuate the DEI angle. Hence, Defendant tailored his narrative to posit that "DEI" brought "Kafka" to the law school where Defendant had been a professor.

23.     Plaintiffs staunchly deny liability to Defendant for any/all claims asserted in the Litigation; Plaintiffs adamantly maintain that the process by which Defendant was terminated was

4

fair; and Defendant's employment was terminated solely for the reasons described in the "Findings in the case of Dr. Scott Gerber" dated September 11, 2023 – including (but not limited to) Defendant engaging in a continuing and pervasive pattern of bullying and harassment of fellow faculty members that resulted in one or more faculty members departing from ONU.

24. The DECISION & JUDGMENT ENTRY – Cross Motions for Summary Judgment in the Litigation bluntly declares as follows: "That [Defendant] "is no[t] Kafka's Josef K. … is self-evident," and Plaintiffs "are not Kafka's inaccessible, accusatory Magistrate."

25. Defendant testified under oath in the Litigation that he seeks "40 million or more" dollars in monetary damages, despite Defendant's lack of proof of monetary damage equal to even a small fraction of that amount.

26. Defendant's verified pleading in the Litigation alleges that he was wrongly terminated as a professor, and such termination was "motivated by a desire to retaliate against him based on his unpopular views" and his "raising concerns about … [allegedly] discriminatory hiring."

27. Contrary to Defendant's aforementioned sworn affirmation, Defendant alleged under oath in a separate administrative filing that he was terminated for entirely different reasons unrelated to alleged discriminatory hiring.

28. Defendant's disparate reasons for his termination, depending on his audience, betray Defendant's improper purpose in bringing the Litigation. Defendant's true goal is to manufacture outrage, to influence political retribution, and to extract vengeance against Plaintiffs on pretextual grounds.

## COUNT ONE: ABUSE OF PROCESS

29. Plaintiffs incorporate all allegations described above as if fully stated herein.

5

30. Defendant set the Litigation in motion in proper form and with probable cause.

31. The Litigation was perverted to attempt to accomplish one or more ulterior purpose(s) for which the Litigation was not designed.

32. Defendant's ulterior purpose(s) include exercising personal vendettas against Plaintiffs and unleashing political retribution upon Plaintiffs.

33. Defendant is using the Litigation to achieve an end which the court in the Litigation lacks power to order – to wit, exercising a personal vendetta against Plaintiff Baumann by seeking to make public one or more messages that disparage Plaintiff Baumann in vile, personal, and sexist terms; and exercising a personal vendetta against Plaintiff Rose by targeting him with personal attacks wholly unrelated to proving or disproving any claim or defense at issue in the Litigation.

34. The court in which the Litigation is pending is powerless to order that any such personal vendetta(s) against Plaintiff Baumann and/or Plaintiff Rose be exercised.

35. Defendant is using the Litigation to achieve an end which the court in the Litigation lacks power to order – to wit, unleashing political retribution upon Plaintiffs.

36. Far from espousing any unduly extreme posture on any issue that would justify political retribution, Plaintiff ONU was recently included among the Best Christian Colleges and Universities Rankings for International Students, according to the World University Rankings for International Students by StudyAbroad Aide.

37. The court in which the Litigation is pending is powerless to order that Plaintiffs be subject to any political retribution.

38. When Plaintiffs sought to include as counterclaims in the Litigation the causes of action maintained herein, the court declined but acknowledged their perception of Defendant's "ulterior motives and shifting explanation for this litigation," and the court specifically noted that

6

"denying this motion [for leave to assert the claims herein as counterclaims in the Litigation] does not prohibit [Plaintiffs] from immediately bringing their claims as a separate action…."

39. Plaintiffs have suffered, and will continue to suffer, direct damage as a result of Defendant's wrongful use of process, in the form of Plaintiffs' attorney's fees and costs of defense.

## COUNT TWO: VIOLATION OF OHIO REVISED CODE 2323.51

40. Plaintiffs incorporate all allegations described above as if fully stated herein.

41. Ohio's Frivolous Conduct Statute, Ohio Revised Code 2323.51, states in relevant part that "any party adversely effected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal."

42. Defendant's goal in prosecuting the Litigation is merely to harass or maliciously injure Plaintiffs.

43. Additionally, and/or alternatively, Defendant is prosecuting this Litigation for another improper purpose, including but not limited to causing unnecessary delay and/or to needlessly increase in the cost of litigation.

44. The goals and/or remedies that Defendant seeks to accomplish by way of this litigation include humiliating Plaintiffs and/or causing political retribution to be visited upon Plaintiffs.

45. Such goals and/or remedies are not warranted under existing law and/or that cannot be supported by a good faith argument for an extension, modification, or reversal or existing law, or cannot be supported by a good faith argument for the establishment of new law.

46. Plaintiffs are entitled to damages flowing from Defendant's wrongful conduct, including reimbursement of all attorney's fees and costs of defense in the Litigation and in the instant matter.

**WHEREFORE**, Plaintiffs demand judgment against Plaintiff in excess of $75,000.00, representing Plaintiffs' costs, reasonable attorneys' fees, and any other relief to which Plaintiffs may be entitled either at law or in equity.

Respectfully submitted,

*/s/ Matthew R. Duncan*
Matthew R. Duncan (#0076420)
Hilary F. DeSaussure (#0098989)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH 44308
Telephone: (330) 253-5060
Email: mrduncan@bmdllc.com
hfdesaussure@bmdllc.com

David M. Scott (#0068110)
**BRENNAN, MANNA & DIAMOND, LLC**
250 S. Civic Center Dr., Ste. 300
Columbus, Ohio 43215
Telephone: (614) 246-7500
Email: dscott@bmdllc.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs demand a jury trial on all claims and/or issues so triable.

*/s/ Matthew R. Duncan*
Matthew R. Duncan (0076420)

4916-2677-1216, v. 1

8